**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4988**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID VICTOR SALTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Stephanie D. Thacker, Circuit Judge, sitting by designation. (1:13-cr-00216-SDT-1)

Submitted: July 22, 2014        Decided: August 1, 2014

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Victor Salter appeals the fifty-one-month sentence imposed by the district court following his guilty pleas to bank robbery, 18 U.S.C. § 2113(a), (d) (2012), and Hobbs Act robbery, 18 U.S.C. § 1951(a) (2012). On appeal, Salter's sole contention is that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, there is no allegation of significant procedural error, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Weon, 722 F.3d 583, 590 (4th Cir. 2013).

We conclude that Salter has failed to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court took into account all of the factors identified by Salter on appeal and weighed them according to the 18 U.S.C. § 3553(a) (2012) factors. The court concluded that the seriousness of the offense conduct, while mitigated by the unique circumstances of

Salter's personal history, warranted a within-Guidelines sentence. Salter has not shown that in making this determination the district court improperly weighed the § 3553(a) factors. Therefore, his sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>